# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ELVIS ANTONIO ANDRADE QUINTANILLA,**

    Petitioner,

vs.                                                     Case No. 4:13cv389-RH/CAS

**STATE OF FLORIDA,**
**HILLSBOROUGH COUNTY, FLORIDA,**

    Respondent.

_____/

## ORDER and REPORT AND RECOMMENDATION

On July 5, 2013, Petitioner submitted a pro se petition for writ of habeas corpus pursuant to § 2241, doc. 1, and a motion seeking leave to proceed in forma pauperis, doc. 2. Good cause having been shown, the in forma pauperis motion, doc. 2, is granted and the Clerk of Court shall file the petition without requiring payment of the filing fee.

Petitioner states in both the habeas petition and the in forma pauperis motion that he is currently housed in the Krome Service Processing Center in Miami, Florida. Docs. 1, 2. Because Petitioner is currently detained at the Krome Service Processing Center in Miami, Florida, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), this case would usually be transferred to the Southern District of Florida where Petitioner is confined. Generally, when a "§ 2241 habeas

petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. In this case, however, Petitioner names the State of Florida, Hillsborough County, Florida as Respondent because it appears that Petitioner seeks to challenge his state court conviction from the Thirteenth Judicial Circuit in Hillsborough County. The basis for this challenge, as best can be determined, is that counsel was ineffective for failing to advise Petitioner of the immigration consequences of entering a guilty plea in violation of the Sixth Amendment.[1] Doc. 1 at 1-2.

Petitioner indicates he entered a plea and was sentenced on November 19, 2008. Id. at 1-2. Petitioner states that he filed his first appeal on February 8, 2013, which he identifies as "coram nobis," and he advises that appeal was denied on April 11, 2013. Id. at 2. Petitioner indicates he filed a second appeal on May 13, 2013, which was denied on May 21, 2013. Id. at 3.

Presumably, those appeals (and the claim in this case) are premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her non-citizen client of the immigration consequences of pleading guilty and holding that Strickland[2] applies to such claims. However, the

---

[1] A petitioner's challenge to his state court conviction and sentence may be brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003). Although § 2241 authorizes a habeas corpus remedy for state court prisoners, the petition is subject to the same limitations as a § 2254 petition. Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). Accordingly, it is subject to the one-year time limitation set forth in 28 U.S.C. § 2244. Id.

[2] In Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), the Court held that "any deficiencies in counsel's performance must be

Supreme Court recently held in <u>Chaidez v. United States</u>, 568 U.S. ——, 133 S.Ct. 1103 (Feb. 20, 2013), that <u>Padilla</u> established a "new rule" for retroactivity purposes, and that "defendants whose convictions became final prior to <u>Padilla</u> therefore cannot benefit from its holding." Id. at ——, 133 S.Ct. at 1113; *see also* <u>United States v. Garcia</u>, 2013 WL 1799861 at *1 (11th Cir. Apr. 30, 2013); <u>Aguila v. United States</u>, 2013 WL 1316472 at *1 (11th Cir. Apr. 3, 2013).

In light of these facts, there is no need to transfer this case. Although Petitioner's 2008 conviction occurred two years prior to <u>Padilla</u>, that does not necessarily mean the conviction became "final" prior to the Supreme Court's decision if Petitioner had pursued appeals. In this case, however, Petitioner did not file any appeals until 2013 and those were immediately dismissed, most likely because they were time barred.

Under Florida law, because Petitioner did not timely appeal his judgment of conviction, it became final for purposes of § 2244(d)(1) on December 19, 2008, which is thirty days after rendition of the November 19, 2008, judgment and sentence. See Fla. R. App. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); see also Fla. R. App. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); <u>Bridges v. Johnson</u>, 284 F.3d 1201,1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction

---

prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

(entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30–day right to appeal expired); Walk v. State, 707 So.2d 933 (Fla. 5th DCA 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."). Thus, Petitioner could not file an appeal of his 2008 conviction in 2013.

Moreover, Petitioner could not seek to challenge his conviction by way of a Rule 3.850 motion on the basis that his guilty plea was involuntary either. Under Rule 3.850(b), a motion to vacate a sentence must be filed within "2 years after the judgment and sentence become final unless" the motion alleges:

> (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence, or
>
> (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity, or
>
> (3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion. A claim based on this exception shall not be filed more than 2 years after the expiration of the time for filing a motion for postconviction relief.

Petitioner's only apparent basis for relief would fall within subparagraph 2, that a new constitutional right has been established under Padilla. Yet that provision is foreclosed because Chaidez "held that Padilla set forth a new rule of criminal procedure that does not apply retroactively to cases on collateral review." United States v. Carmen-Iglesias, No. 11–12316, 2013 WL 1235523, at *1 (11th Cir. Mar. 28, 2013).

For the same reason, Petitioner's federal habeas claim in this case, whether brought pursuant to § 2241 or § 2254, is foreclosed. Under the one-year limitation period of 28 U.S.C. § 2244, the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The only applicable provision is subparagraph C, yet as was the case with a Rule 3.850 motion, the Sixth Amendment right upon which Petitioner brings this case has not been made retroactive. In light of Chaidez, Petitioner cannot now seek habeas relief on the ground that his plea was involuntary and unknowing because Petitioner's conviction was final at the time Padilla was decided in 2010. Accordingly, this § 2241 petition challenging his state court convictions must be dismissed as time-barred and there is no need to transfer this case.

Accordingly, it is **ORDERED** that the motion for in forma pauperis status, doc. 2, be **GRANTED** and the Clerk of Court shall file the petition without requiring payment of the filing fee.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this § 2241 petition be **DENIED** as time barred.

**IN CHAMBERS** at Tallahassee, Florida, on July 24, 2013.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**